1983 Form

# In the United States District Court
# For the Northern District of Alabama

01 MAY 14 PM 2:17

U.S. DISTRICT COURT
N.D. OF ALABAMA

CHRISTOPHER BELLINGSLEY
_____
_____
_____

(Enter above the full name(s) of the
plaintiff(s) in this action)

v

DEWAYNE D. ESTES, SGT THOMAS
KERNS, MICHAEL HICKS,
~~Michael~~ ~~Dilworth~~, GWENDOLYN
MOSLEY, TRACIE BROWN

(Enter above full name(s) of the
defendant(s) in this action)

CV-01-S-1229-S

I. Previous lawsuits

  A. Have you begun other lawsuits in state or federal court(s) dealing with the same facts involved in this action or otherwise relating to your imprisonment?   Yes ( )   No (X)

  B. If your answer to A. is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the same outline.)

    1. Parties to this previous lawsuit

       Plaintiff(s): _____ NA _____
       Defendant(s) _____ NA _____

    2. Court (if Federal Court, name the district; if State Court, name the county)

       _____ NA _____

    3. Docket Number _____ NA _____

    4. Name of judge to whom case was assigned _____ NA _____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?

    NA

6. Approximate date of filing lawsuit _____ NA
7. Approximate date of disposition _____ NA

II. Place of present confinement EASTERLING CORRECTIONAL CENTER P.O. Box 10 C

   A. Is there a prisoner grievance procedure in this institution?
      Yes ( )   No (✗)

   B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
      Yes ( )   No (✗)

   C. If your answer is YES:

      1. What steps did you take? _____ NA

      2. What was the result? _____ NA

   D. If your answer is NO, explain why not? _____

III. Parties
   In item A below, place your name(s) in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

   A. Name of plaintiff(s) CHRISTOPHER BILLENGSLEY

      Address P.O. Box 10 / #160977  CLIO ALABAMA
      36017

- 2 -

In item B. below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions, and places of employment of any additional defendants.

B. Defendant **DEWAYNE D. ESTES**

   is employed as **WARDEN**

   at **CHILDERSBURG COMMUNITY WORK CENTER    P.O. BOX 368  CHILDERSBURG AL. 35044**

C. Additional Defendants **SGT THOMAS KERNS, MICHAEL HICKS, [illegible]**
   **OF CHILDERSBURG COMMUNITY WORK CENTER  P.O. BOX 368  CHILDERSBURG AL 35044**
   **GWENDOLYN C. MOSLEY  P.O. BOX 10  CLIO AL 36017**
   **TRACIE BROWN**

IV. Statement of Claim

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include, also, the names of other persons involved, dates and places. *Do not give any legal arguments or cite any cases or statutes.* If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet, if necessary.

**SEE ATTACHED SHEETS**

- 3 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

CHRISTOPHER BILLINGSLEY
             PLAINTIFF
VS.                                                      CIVIL ACTION NO?

DEWAYNE D. ESTES, THOMAS KERN,
MICHAEL HICKS, ~~[redacted]~~
GWENDOLYN MOSLEY, TRACIE BROWN
             DEFENDANTS

GROUND ONE: VIOLATION OF 4TH, 5TH AND 14TH AMENDMENT

FACTS IN SUPPORT: ON 3/26/01 WHILE I WAS AT WORK DEFENDANT KERN ILLEGAL" SEARCHED MY LOCKER BOX WHEREIN HE ALLEGED TO HAVE FOUND (4) OUNCES OF HE BELIEVED TO BE MARIJUANA. I WAS ARRESTED ON MY JOB BY TWO OFFICERS AND TAKEN FIRST TO CHILDERSBURG THEN TO THE COUNTY JAIL.

ON 3/29/01 AT THE COUNTY JAIL A DISCIPLINARY HEARING WAS HELD WHEREIN I WAS BEING CHARGED FOR POSSESSION OF CONTRABAND "SEE EXHIBIT A" ALTHOUGH MY WITNESS TESTIFIED THAT INMATE DEMETRIOUS NORWOOD PLACED THE ITEMS IN MY BOX. I WAS STILL FOUND GUILTY BY DEFENDANT HICKS AND THE SAID DISCIPLINARY APPROVED BY THE WARDEN. DEFENDANTS ESTES, KERNS AND HICKS NOT ONLY VIOLATED MY RIGHTS TO DUE PROCESS AND ILLEGAL SEARCH AND SEIZURES, BUT THEY DID SO KNOWINGLY THAT IT DID NOT BELONG TO ME. INMATE NORWOOD HAS BEEN CHARGED BY I AND I. AND ALLEGEDLY IN THE CIRCUIT COURT FOR THESE CONTRABAND

RELIEF SOUGHT FOR GROUND ONE :

THE PLAINTIFF IS SUING DEFENDANTS ESTES, KERNS AND HICKS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES FOR THE SUM OF $1,000 EACH FOR THEIR DELIBERATE INDIFFERENCE TO THE RIGHTS OF THE PLAINTIFF.

THE PLAINTIFF SUES REQUESTING THAT THE DISCIPLINARY BE REMOVED FROM HIS FILE, THAT HE BE RETURNED TO MIN OUT CUSTODY AND THAT THE DEFENDA... PAY ALL FILING FEES AND COURT COST IN THIS CASE.

1

GROUND TWO: VIOLATION OF 8TH AND 14TH AMENDMENT

FACTS IN SUPPORT: On 4/17/01 due to the said disciplinary I was sent to Easterling Corr. Center. On 4/18/01 I was placed in GA the Hot Dorm, a segregation dorm. On 4/19/01 I spoke with classification supervisor Tracie Brown, who stated that she put me in the Hot Dorm because I was on restriction. I expressed that on my disciplinary "See Exhibit A" that no disciplinary seg. was given and she said that it was Warden Mosley's policy.

Being confined in the Hot Dorm is segregation. Inmates in the Hot Dorm is segregated and not allowed to mingle with general population. To segregate the plaintiff when such was not approved is a violation of Admin. Reg. #403 and my constitutional rights and to sentence the plaintiff to 90 days segregation is a violation when the Admin. Reg. 403 clearly states 45 days is the maximum segregation punishment an inmate can receive for disciplinary. The defendants segregating the plaintiff violates Admin. Regulations and his rights to due process.

RELIEF SOUGHT: The plaintiff is suing defendants Brown and Mosley in their individual and official capacity for the sum of $75.00 per day he's held in the Hot Dorm, for these illegally enforcing an unconstitutional policy in violation of Admin. Regulation. The plaintiff further sues defendant Mosley for her unconstitutional policy, for the sum of $1,000 and requests that he be released. The plaintiff request a jury trial.

Respectfully submitted
Christopher Billingsley

2

EXHIBIT A

DOC Form 225B (Revised 7/92)

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. INMATE: Christopher Billingsley   CUSTODY: MO   AIS: #160977

2. FACILITY: Childersburg Community Work Center

3. The above inmate is being charged by Sgt. Thomas Kerns with a violation of Rule Number 64 specifically Possession of Contraband from regulation # 403, which occurred on or about March 26, 2001, 19___ at (time) 5:10PM (am/pm), Location: work release, Trailer 3, Bed 3023B
A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: On March 26, 2001 Sgt Thomas Kerns was conducting a search of Inmate Christopher Billingsley's foot locker box and found hidden in a resealed Little Debbie's snack cake box approximately four ounces of a green leafy substance believed to be marijuana.

5. _____
   Arresting Officer/Signature/Rank — Thomas Kerns COI

6. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate on this the 26 day of March 2001, 19___ at (time) 7:24 (am/pm).

7. Charles R. Calhoun COI   Refused to sign   Charles R. Calhoun COI
   Serving Officer/Signature/Rank       Inmate's Signature/AIS Number

8. Witnesses desired? NO ___   YES  Christopher Billingsley #160977
   Inmate's Signature            Inmate's Signature

9. If yes, list: Steve Shelton B/141484, Artie Wright B/179271

10. Hearing Date 3/29/01   TIME 2:20 p.m.   PLACE Talladega County Jail

11. Inmate must be present in Hearing Room. If he is not present explain in detail on additional page and attach.

12. A finding is made that inmate (is) is not) capable of representing himself.

    _____
    Signature/Hearing Officer

13. Plea: X Christopher Billingsley #160977   Not Guilty ___   Guilty ___

14. The Arresting Officer, inmate, and all witnesses were sworn to tell the truth.

    _____
    Signature/Hearing Officer

15. Arresting Officer's testimony (at the hearing): On March 20, 2001 Sgt. Thomas Kerns was conducting a search of inmate Christopher Billingsley's foot locker box and discovered approximate four ounces of a green leafy substance hidden in a resealed little Debbie's snack cake box. The green leafy substance is believed to be marijuana. The reason I believe it "CONTINUED"

Annex C of AR 403 (Page 1 of 3)

16. Inmate's Testimony: I was at work, I left the camp at 1:30 p.m. All I know is that at approximately 6:00, Officer Welch came to pick me up. They told me that they searched my box. They told me what they found it in and I told them that it belonged to Demetrius Norwood. I told them that I left my box unlocked.

Witness: X Steven Shelton 141484  Substance of Testimony: I know that Billingsley was not on pass. Norwood just came off of pass. Norwood had all kinds of cakes and stuff. I saw Norwood with a cake box on his bed when I left, he was going "CONTINUED"

Witness: Artis Wright BM/179271  Substance of Testimony: Refused to attend. See attached statement.

Witness: _____  Substance of Testimony: _____

17. The inmate was allowed to submit written questions to all witnesses. Copy of questions and answers are attached.

_Michael R. Hicks COI_
Signature/Hearing Officer

18. The following witnesses were not called — Reason not called
   1. Artis Wright #179271   Refused to Attend (see Attached)
   2. _____
   3. _____

19. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
The Hearing Officer finds that: Sgt. Kerns did find in your box approximately four ounces of a green leafy substance and that based on his seventeen (17) years experience in Corrections and his training at the Corrections Academy believed it to be marijuana. That the box and all of its contents are your responsibility. If in fact "CONTINUED"

20. Basis for Findings of Fact: The basis for these findings are the arresting Officers statement, and the fact any items not sold on the store, issued by D.O.C. or authorized by the Warden is contraband.

21. Hearing Officer's Decision: __X__ Guilty   __X__ Major
                                  ____ Not Guilty   ____ Minor

22. Recommendation of Hearing Officer: Recommend you be placed in disciplinary segregation for forty five (45) days. Loss of visitation, pass, telephone and store draw for ninety (90) days. Recommend you be reviewed for more restricted custody, and "CONTINUED"

_Michael R. Hicks COI_
Signature/Hearing Officer
Michael R. Hicks, CO I
Type Name and Title

23. Warden's Action - Date 4-2-01
    Approved __X__
    Disapproved ____
    Other (Specify) No disciplinary segregation

24. Reason if more than 30 calendar days delay in action. _____

25. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this ___ day of _____ 19___, at (time) 3:30 (am/pm)

_Signature/Serving Officer/Title_    X Refuse to Sign _Seal_
Inmate's Signature/AIS Number

(Continuation Sheet) ADOC Form 225B, Alabama Department of Corrections
Disciplinary Report (Optional)

Inmate Name & AIS # Christopher Billingsley BM/160977      Incident Report No. 2001-009
Facility Childersburg Community Work Center

CONTINUED ARRESTING OFFICER'S (AO) STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO ARRESTING OFFICER:
to be marijuana is based on my training at the Correctional Academy with marijuana and my seventeen (17) years experience in Corrections in which I have encountered.

CONTINUED INMATE'S STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO INMATE:

CONTINUED WITNESS TESTIMONY (QBHO):
toward Billingsley's bed they were strawberry type cakes.

CONTINUED FINDINGS OF FACT:
you lost your key, you could have gotten a lock from an Officer. And that the green leafy substance was not sold at the store, issued to you by the D.O.C., or authorized by the Warden.

CONTINUED BASIS FOR FINDINGS OF FACT:

CONTINUED HEARING OFFICER'S RECOMMENDATIONS:
and be referred to I&I for criminal prosecution.

OTHER:

Annex C of AR 403 (Page 3 of 3)